CLINTON NATIONAL BANK

v

JOHN N. STIGER.

[Filed October 8th, 1904.]

1. After the loss of three cashier's checks the bank offered to pay the amount due thereon, which was not disputed, on being indemnified against having to pay the original checks. The payee afterward began a suit at law on the checks without tendering indemnity.—*Held*, that equity has jurisdiction to restrain such suit and to adjust the rights of the parties.

2. *Quære.* Has a court of law jurisdiction over a suit on a lost check?

On bill for injunction.

*Messrs. Dungan & Reger,* for the complainant.

*Mr. James L. Griggs,* for the defendant.

BERGEN, V. C.

It appears from the bill of complaint in this cause that the defendant left with the complainant $1,313.75, for which he received three cashier's checks, payable to his own order, two dated September 3d and one September 25th, 1903; that on the 15th day of December, in the same year, the defendant applied to the complainant and demanded new bills of exchange or cashier's checks in the place of those mentioned, or their equivalent in money, alleging that the original checks had been lost or stolen; that the complainant offered to immediately give to the defendant new bills of exchange or the money, as he might desire, upon the execution and delivery by the defendant to the complainant of sufficient security to indemnify the complainant against loss, if it should thereafter be required to pay the original checks; that the defendant refused such indemnity, and has commenced a suit against the complainant in the supreme court of this state to recover the amount due upon said cashier's checks, alleging in his declaration in that suit that the checks were lost or stolen. The complainant seeks to have the suit at law enjoined, upon the ground that it now is and always has been ready and willing to pay to the defendant the moneys represented by such lost checks, or to issue to him new cashier's checks in the place of those said to be lost, upon being indemnified against being required to pay the original checks, and so tendered itself when knowledge of their loss was first brought to its notice, and that the conduct of the defendant in refusing the indemnity and in bringing the suit, thus casting upon it the burden of paying costs, without offering indemnity, is unjust and inequitable. Until the enactment of the law to be found in section 7 of our general act concerning promissory notes, suits for the recovery of money due upon an obligation which was

lost were exclusively the subject of equitable jurisdiction, where indemnity might be required. On the return of the rule allowed in this matter, the defendant resisted the granting of a preliminary injunction restraining his suit at law, upon the ground that under the statute last referred to he is entitled to maintain his action. This section is peculiar in its phraseology; it permits the action at law upon a negotiable instrument which is lost, and then uses the following language, "but any court of law shall give judgment in the same manner as if such note was not lost," leaving it questionable whether it was the intention of the legislature to have the .act apply to any negotiable instrument other than a note. The act further provides that any court of law may make the same order as a court of equity would to indemnify the party charged against the repayment thereof.

It has been determined, in *Force* v. *Elizabeth, 27 N. J. Eq. (12 C. E. Gr.) 408,* that this court is not deprived of any part of its original jurisdiction in matters of this character because the law courts may exercise the same or a similar jurisdiction. This being so, the question arises, should this court interfere in this case. After careful consideration of all the circumstances, I am of the opinion that this cause should be retained in this court. The instruments sought to be recovered upon are not promissory notes, but bills of exchange, and it is certainly a debatable question whether the use of the word "note," in the latter clause of the seventh section of the act relating to promissory notes, does not limit the power given in the section to suits upon lost promissory notes. The conduct of the defendant in this matter has certainly been unjust, for the complainant has only asked from him the indemnity which he would be required to give in any court, whether of law or equity, and it is certainly unconscionable to permit him to compel this complainant to pay the costs of a common law judgment when it is in no equitable default. If the defendant had acted as a reasonable man should, and tendered the indemnity he is equitably bound to give, the money would have been paid to him without question. Were the amount due in dispute, it would be quite proper that he should appeal to a court of law to have

the amount due settled and ascertained, but as no such question arises here, and as this court has ample jurisdiction and power to equitably adjust the rights of these parties, I shall advise that a preliminary injunction issue according to the prayer of the bill. If, upon final hearing, the facts as they now appear remain undisturbed, the amount due to the defendant can be decreed to be paid, upon his furnishing the indemnity necessary to protect the complainant from further loss.

I will advise the proper injunction order.