On the 24th of March, 1925, Giszella Falsetto drew a check upon her account in the Vineland National Bank (now *Page 166 
known as the Vineland National Bank and Trust Company) to the order of her husband, Joseph Falsetto, in the sum of $400, and at her request caused the same to be certified.
Falsetto endorsed the same to the order of John C. Edwards and delivered it to the agent of said John C. Edwards, who claims that said agent either mislaid, lost or destroyed the same and never delivered it to him.
Edwards has a number of times demanded of the bank payment of the sum of $400, and has been met with refusal, unless he, Edwards, would indemnify the bank against any repayment thereof. This Edwards refused to do.
The solicitor of the complainant in his memorandum states, "the maker and the payee have requested and directed the bank to pay said check to the defendant in this cause" (that is to Edwards). The maker and payee have each refrained from making said request in writing, and neither has given the bank any documentary authority to pay the said amount.
On May 4th, 1929, Edwards entered an action at law in the New Jersey Supreme Court (Cumberland county) to recover from the bank the said sum of $400 with interest from March 24th, 1925, and this bill is filed to restrain said action.
The certification is equivalent to an acceptance. 3 Comp.Stat. p. 3756 § 187.
There is no relationship between the bank and Edwards. The bank has no proof that Joseph Falsetto ever endorsed the check to Edwards, and therefore is not liable to him as holder by reason of its certification.
The defendant relies upon chapter 139, laws of 1928, page 291 as "a complete protection to the bank, and the bank needs no indemnity, for the law is the best indemnity it can expect to receive."
The cited act reads: "Where a check or other instrument payable on demand at any bank or trust company doing business in this state is presented for payment more than one year from its date, such bank or trust company may, unless expressly intructed by the drawer or maker to pay the same, refuse payment thereof and no liability shall thereby be incurred to the drawer or maker for dishonoring the instrument by non-payment." *Page 167 
It is unnecessary to consider whether this act applies to a certified check (that is an instrument "accepted" by the bank) as the act is of no avail to the bank if it is "expressly instructed by the drawer or maker to pay the same."
It therefore necessarily follows, that before this act can be of avail to the defendant Edwards, the bank would be justified in demanding that it be indemnified against such instruction by the drawer or maker.
The words of the late Vice-Chancellor Bergen in ClintonNational Bank v. Stiger, 67 N.J. Eq. 522, with very slight changes, are so applicable, that I adopt them as follows:
"It has been determined in Force v. Elizabeth, 27 N.J. Eq.
(12 C.E. Gr.) 408, that this court is not deprived of any part of its original jurisdiction in matters of this character because the law courts may exercise the same or a similar jurisdiction. This being so, the question arises, should this court interfere in this case. After careful consideration of all the circumstances, I am of the opinion that this cause should be retained in this court. The instrument sought to be recovered upon is not a promissory note, but a certified check, and it is certainly a debatable question whether the use of the word `note,' in the latter clause of the seventh section of the act relating to promissory notes, does not limit the power given in the section to suits upon lost promissory notes. The conduct of the defendant in this matter has certainly been unjust, for the complainant has only asked from him the indemnity which he would be required to give in any court, whether at law or equity, and it is certainly unconscionable to permit him to compel this complainant to pay the costs of a common law judgment when it is in no equitable default. If the defendant had acted as a reasonable man should, and tendered the indemnity he is equitably bound to give, the money would have been paid to him without question. Were the amount due in dispute, it would be quite proper that he should appeal to a court of law to have the amount due settled and ascertained, but as no such question arises here, and as this court has ample jurisdiction and power to equitably adjust the rights of these parties, I shall advise that a preliminary injunction *Page 168 
issue according to the prayer of the bill. If, upon final hearing, the facts as they now appear remain undisturbed, the amount due to the defendant can be decreed to be paid, upon his furnishing the indemnity necessary to protect the complainant from further loss."
I will advise the proper injunction order.